# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0916
_____

BRADSMAN LAMAR EVANS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Dixie County.
Jennifer Johnson, Judge.

August 21, 2024

WINOKUR, J.

Bradsman Lamar Evans entered a plea to fleeing a police officer and possession of methamphetamine. The court adjudged him guilty and sentenced him accordingly. On appeal, Evans claims that the plea colloquy failed to comply with Florida Rule of Criminal Procedure 3.172, and that its failure to do so constituted fundamental error that could be raised for the first time on appeal. We affirm.

Florida Rule of Appellate Procedure 9.140(b)(2)(A) states a defendant "may not appeal from a guilty or nolo contendere plea"

except to raise specified issues. By itself, failure of a plea colloquy to comport with Florida Rule of Criminal Procedure 3.172 is not an authorized ground for appeal.

In any event, "[f]ailure to follow any of the procedures in [Rule 3.172] shall not render a plea void absent a showing of prejudice." Fla. R. Crim. P. 3.172(j). "Prejudice" in this context means that the failure to comply with every element of Rule 3.172 rendered the plea involuntary. *See Wuornos v. State*, 676 So. 2d 966, 970 (1995) (holding that failure to follow the colloquy set forth in Rule 3.172 does not invalidate a plea if the defendant knowingly and voluntarily entered a guilty plea).

In other words, a defendant cannot complain about an insufficient plea colloquy unless it rendered the plea involuntary. If Evans wished to claim that his plea was involuntary, he could have filed a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*). Having failed to do so, he may not challenge an involuntary plea on appeal. Fla. R. App. P. 9.140(b)(2)(A)(ii)c.  (permitting a defendant who pleads guilty to appeal "an involuntary plea, if preserved by a motion to withdraw plea").

Evans argues that he is nonetheless permitted to raise this issue on appeal because it constitutes fundamental error. This argument was directly rejected by the supreme court: "there is no fundamental-error exception to the preservation requirement of rule 9.140(b)(2)(A)(ii)(c)." *State v. Dortch*, 317 So. 3d 1074, 1084 (Fla. 2021). Evans attempts to distinguish *Dortch* by noting that the defendant in *Dortch* claimed that the determination of competency before he entered his plea was improper, whereas he claims that the plea colloquy was insufficient. Evans offers no reason why this difference might distinguish *Dortch*, and we find none. Either way, a defendant cannot argue on appeal that a guilty plea was involuntary unless the defendant has presented the matter to the trial court by motion to withdraw the plea, even if the defendant claims that the error was "fundamental."

Finally, we address a contention Evans makes regarding his reason for this appeal. Evans notes that "if he fails to raise substantive claims that could or should have been raised on direct

appeal, then he will be procedurally barred from raising them in postconviction." This is a curious argument: Evans maintains that he must make a claim that is prohibited from being raised on direct appeal by the rules of procedure, or he will be barred from making the same claim in a procedurally correct manner by postconviction motion. Thankfully, no such rule of law exists. Florida Rule of Criminal Procedure 3.850 expressly permits a postconviction motion on the ground that "the plea was involuntary." Fla. R. Crim. P. 3.850(a)(5). A motion raising this claim does not require as a precondition an unauthorized direct appeal raising the same issue. This appeal not only raises an unauthorized issue, but also does not accomplish what Evans claims it would.

AFFIRMED.

ROBERTS and LONG, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Jessica J. Yeary, Public Defender, and Megan L. Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Kristie Regan, Assistant Attorney General, Tallahassee, for Appellee.